## City of Centralia, Appellee, v. John Knash, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Complaint by the City of Centralia against John Knash for a disturbance of the peace in violation of a city ordinance. From a judgment against defendant for five dollars and costs, defendant appeals.

CHARLES F. DEW and A. D. RODENBERG, for appellant.

No appearance for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS. § 864*—*when evidence shows a disturbance of the peace in violation of ordinance.* On complaint for

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

violation of a city ordinance by disturbing the peace, evidence *held* sufficient to warrant a verdict of guilty though defendant claimed to be attempting to separate persons fighting.

2. MUNICIPAL CORPORATIONS, § 865*—*when instruction properly refused.* In an action for disturbance of the peace in violation of a city ordinance, instruction for defendant failing to require the jury to find from a preponderance of the evidence that defendant was attempting to prevent an assault upon another, *held* properly refused.

3. MUNICIPAL CORPORATIONS, § 865*—*abstract instructions.* Requested instruction telling the jury that a bystander could interfere to prevent an assault, using such force as might be necessary, provided that after the separation he did not follow up either of the parties and assault him, *held* properly refused as not being applicable to the facts of the case.

4. APPEAL AND ERROR, § 1101*—*effect of failure to file briefs.* When appellee fails to file brief within the time provided by the rules of court, the Appellate Court may reverse the judgment *pro forma*, unless on an examination of the record it deems it proper to decide the case on its merits.